UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MILLIE HOWARD,

      Plaintiff,

vs.

UNITED STATES RAILROAD
RETIREMENT BOARD, et al.,

      Defendants.

Case No. 1:15-cv-679

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Defendant's motion to dismiss, or in the alternative, motion for summary judgment (Doc. 6) and the parties' responsive memoranda. (Docs. 9, 11). Also before the court are Plaintiff's motions for Default Judgment, motion to Transfer to the Court of Claims, and Motion to Dismiss. (Docs. 15, 17). The motions have been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I now recommend that Defendant's motion for summary judgment be granted, the remaining motions be denied as moot, and this case be closed.

    **I.**    **Background and Facts**:

Plaintiff is the widow of John G. Howard ("Mr. Howard"), who was employed during a portion of his life in the railroad industry. Plaintiff believes that she is eligible to receive a widow's annuity from the United States Railroad Retirement Board ("RRB"). Notably, Plaintiff alleges in her Complaint for Declaratory Judgment that the RRB wrongly denied her application for a widow's annuity benefit after the death of her

1

husband and, instead, certified her case to the Social Security Administration ("SSA") for payment of applicable survivor's benefits.

The Railroad Retirement Board is an independent agency in the executive branch of the United States Government which is charged with the administration of the Railroad Retirement Act (RRA) (45 U.S.C. § 231, et seq.) and the Railroad Unemployment Insurance Act (45 U.S.C.§ 351, et seq.) Here, Plaintiff's claims are governed by the Railroad Retirement Act and the Railroad Unemployment Insurance Act.

The Railroad Retirement Act replaces the Social Security Act with respect to employment in the railroad industry. Section 2(d)(1)(i) of the RRA (45 U.S.C.§ 231a(d)(1)(i)) provides annuities for widows of deceased employees who retain a "current connection" with the railroad industry at retirement or death. To meet the current connection requirement, an employee must generally have been credited with railroad service in at least 12 months of the 30 months immediately preceding the month his or her railroad retirement annuity begins. If the employee dies before retirement, railroad service in at least 12 months in the 30 months before death will meet the current connection requirement for the purpose of paying survivor benefits. As mentioned, Plaintiff is the widow of late railroad employee, John Howard. (Doc. 1).

Mr. Howard died in September 2002. *Id.* Upon Mr. Howard's death, the RRB certified Plaintiff's benefits to the SSA for payment of her applicable survivor's benefits. (Doc. 1, Exhibit D). Plaintiff was not eligible for a widow's annuity through the RRB because her husband did not have a current connection with the railroad industry at his death due to his work outside of the railroad industry for several years at the time he

retired. (Doc. 1, Ex. E.) Plaintiff's late husband was informed of this lack of current connection at the time he completed and submitted his application for his retirement annuity on March 4, 1994. (See Doc. 6, Ex. 1).

Although Plaintiff was required to appeal the RRB's decision to certify her case to the SSA within sixty days, Plaintiff failed to do so at that time. 20 C.F.R.  260, et seq. Instead, in 2012, Plaintiff requested additional information from the RRB, apparently so that she could formally appeal the RRB's decision to certify her case to the SSA for payment. (Doc. 1). Despite the fact that the RRB's decision to transfer Plaintiff's benefits occurred over ten years earlier, the RRB agreed to allow Plaintiff to reapply for widow's benefits so that she could receive an additional formal appealable decision if her application were denied. (Doc. 1, Ex. B).

In 2012, the RRB's Cincinnati District Office reached out to Plaintiff and assisted her in filling out an additional application for widow's benefits. *Id.* Plaintiff then refused to sign the application and insisted on providing an application of her own devising in 2012. (Doc. 1, Ex. C). The RRB informed Plaintiff that a 'homemade' application is not acceptable as an application for widow's benefits under the Railroad Retirement Act. (Doc. 1). The RRB previously informed Ms. Howard, in writing, that in order to receive a new written appealable decision from the Board regarding this issue, she must sign and submit an acceptable widow's application. The RRB is willing to accept a signed application from the Plaintiff at any time. However, Plaintiff has not done so.  Instead, Plaintiff filed the instant action against the RRB seeking to recover a widow's annuity.

**II.    The Parties Pending Motions**

Defendants move to dismiss Plaintiff's complaint, asserting *inter alia*, that

3

Plaintiff's complaint lacks subject matter jurisdiction. In response to Defendants' motion, Plaintiff has filed a motion to transfer this matter to the United States Court of Claims, as well as a motion to dismiss this action if this matter is transferred to the Court of Claims. Upon careful consideration of the record and the parties pending motions, the undersigned finds that this matter should be dismissed for lack of jurisdiction. The undersigned also finds that Plaintiff's motions to transfer are not well taken.

### III. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 361 (6th Cir.2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statements need only 'give the defendant fair notice of what the ....claim is and the grounds upon which it rests." *Id.* (citing *Twombly,* 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that

is plausible on its face' " to survive a motion to dismiss. *Twombly,* 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 US. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678–79.

As a general rule, a district court, in ruling on a motion to dismiss, should look only to the allegations of the complaint. A document referred to or attached to the pleadings, and integral to plaintiff's claims, may also be considered without converting a motion to dismiss into one for summary judgment. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F.3d 327, 336 (6th Cir.2007).

Here, Plaintiff's complaint attaches exhibits in support of her claims as does the Defendants' motion for summary judgment. In the interests of justice, the undersigned has considered such exhibits and Defendants' motion will be considered as one for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment pursuant to *Jacklyn v. Schering– Plough Healthcare Prods. Sales Corp.,* 176 F.3d 921, 927 (6th Cir.1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that

5

would be admissible at trial, *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Thaddeus–X v. Blatter,* 175 F.3d 378, 400 (6th Cir.1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 460 (6th Cir.2001).

A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586.

**IV. Analysis**

Here, Defendants are entitled to judgment as a matter of law because Plaintiff has failed to exhaust her administrative remedies. Furthermore, the Court is without jurisdiction to determine this issue.

Section 355(f) provides that a claimant, may "only after all administrative remedies within the Board . . . have been availed of and exhausted obtain a review of any final decision of the Board." 45 U.S.C. 355(f). As noted in *Leal*, 917 F.2d at 206, "a claimant must exhaust his administrative remedies before the Railroad Retirement Board before appealing an adverse determination of benefits." The regulations governing administrative appeals from a decision of the RRB are found at 20 C.F.R. 260 et seq. For all claims under the RRA and RUIA, there is a three-stage review and administrative appeals process for every appellant who wishes to appeal any decision by which he or she claims to be aggrieved. 20 C.F.R. 260. First, an individual who is

dissatisfied with the initial decision of the RRB may request reconsideration from the RRB office that denied the claim, which is a mandatory step before proceeding with an appeal to the RRB's Bureau of Hearings and Appeals. 20 C.F.R. 260.

The individual has 60 days from the date of the initial denial notice to file a written statement requesting reconsideration. *Id.* When, as here, there is a case involving a survivor's annuity transferred to the SSA for processing, a request for reconsideration must be filed within 60 days of the date of the transfer of the claimant's file to the SSA. 20 C.F.R. 260.4(b). In certain cases, a personal conference is held upon request. *Id.* If the appellant is dissatisfied with the reconsideration decision, then he or she can take the second step and appeal to the RRB's Bureau of Hearing and Appeals within 60 days from the date of the reconsideration decision. 20 C.F.R. 260.5(a), (b). An oral hearing may be held. 20 C.F.R. 260.5(e). Finally, if dissatisfied with the Bureau of Hearings and Appeals= decision, an appellant may take the third step and appeal to the three-member Board within 60 days from the date of the notice of the Bureau of Hearing and Appeals decision. 20 C.F.R. 260.9(b). The three member Board will base its decision on the evidence before the hearings officer and generally will not accept additional evidence or conduct a hearing. 20 C.F.R. 260.9(e)

Furthermore, the statutory provisions for judicial review of the decisions of the Board are pursuant to 45 U.S.C. 355(f) of the Railroad Unemployment Insurance Act and 45 U.S.C. 231g of the Railroad Retirement Act. District courts are without jurisdiction pursuant to 28 U.S.C. 1346(d) for any civil action or claim for a pension. Section 5(f) of the Railroad Unemployment Insurance Act (45 U.S.C. 355(f)), incorporated by reference in section 231g of the Railroad Retirement Act (45 U.S.C.

231g), places jurisdiction to review decisions of the RRB exclusively in certain United States Courts of Appeal. Section 355(f) of the Railroad Unemployment Insurance Act provides in relevant part:

> Any claimant, or any railway labor organization organized in accordance with the provisions of the Railway Labor Act [45 U.S.C. 151, et seq.] of which claimant is a member, or any base-year employer of the claimant, or any other party aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States Court of Appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia.

45 U.S.C. 355(f) (emphasis added).

As noted by Defendants, various Circuits have interpreted section 355(f), and held that exclusive jurisdiction rests with the Courts of Appeals after exhaustion of administrative remedies. In *Denberg v. U.S. R.R.B.*, 696 F.2d 1193 (7th Cir. 1983), the plaintiff sought review of an adverse RRB decision in district court rather than the Seventh Circuit. The Seventh Circuit dismissed the case for lack of jurisdiction, holding that Congress did not intend to give applicants for railroad retirement benefits the choice of seeking review of an adverse decision in a court other than the Court of Appeals. *Denberg*, 696 F.2d at 1197. In *Leal v. Szoeke*, 917 F.2d 206, 207 (5th Cir. 1990), the Fifth Circuit, following *Denberg,* made it clear that the "claimant must go the Board first and if he is turned down appeal the decision within the Board or if that would be futile to the court of appeals. At no time is he supposed to be in the district court." *Leal*, 917 F.2d at 207 (citing *Denberg*, 696 F.2d at 1193).

8

In this case, Plaintiff has not gone through any of the required administrative steps listed above, and instead filed this action. By law, Plaintiff was required to administratively appeal the RRB's decision to transfer her benefits to the SSA within sixty days of the decision in 2002. Plaintiff failed to do so. Plaintiff also refused to file a new application for a widow's annuity with the RRB in 2012.  Therefore, Plaintiff has failed to exhaust her administrative remedies within the RRB, a jurisdictional prerequisite. Accordingly, undersigned determines that transfer of this matter would be futile; therefore, Plaintiff's motions to transfer are not well-taken.

Furthermore, even assuming Plaintiff has exhausted her administrative remedies, this Court lacks jurisdiction over her complaint.  See 45 U.S.C. 355(f)) (exclusive jurisdiction rests with the Courts of Appeals for applicants for railroad retirement benefits seeking review of an adverse decision).

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion for summary judgment (Doc. 6) be **GRANTED,** Plaintiff's motions to transfer and dismiss are **DENIED as MOOT** (Docs. 15, 17) and this case be **TERMINATED** on the active docket of the Court.[1]

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

---

[1] Plaintiff also filed a motion for default judgment, asserting that Defendants failed to timely plead or answer.  It appears that Defendants inadvertently failed to timely serve Plaintiff with a copy of the motion to dismiss. Upon receipt of Plaintiff's motion for default, Defendant properly served Plaintiff with their Motion to dismiss. In light of the foregoing, the undersigned finds that Plaintiff's motion for default motion (Doc. 8) lacks merit and should also be denied.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MILLIE HOWARD,

       Plaintiff,

vs.

UNITED STATES RAILROAD
RETIREMENT BOARD, et al.,

       Defendants.

Case No. 1:15-cv-679

Barrett, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).