UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Millie Howard,

       Plaintiff,

                                                    Case No.: 1:15-cv-679

  v.

                                                    Judge Michael R. Barrett

United States Railroad
Retirement Board, *et al.*,

       Defendants.

## OPINION & ORDER

This matter is before the Court on the Magistrate Judge's June 6, 2016 Report and Recommendation ("R&R") recommending that Defendant's Motion to Dismiss, or in the alternative Motion for Summary Judgment (Doc. 6) be granted; and the remaining motions be denied as moot. (Doc. 19).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed a "Motion to Vacate the R&R in its Entirety as Doc #:19 on 06/06/16, Pages 1-10 and 'In the "Interest of Justice' that this Cause of Action be Transferred to the United States Court of Federal Claims.'" (Doc. 20). Defendant United States Railroad Retirement Board ("RRB") filed a Response in Opposition to Plaintiff's Motion. (Doc. 21).

The Court construes Plaintiff's Motion to Vacate the R&R as Objections to the R&R and Defendant's Response to the Motion as a response to the Objections.

For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the Magistrate Judge's R&R is ADOPTED in its entirety.

## I. BACKGROUND

The factual and procedural history of this case is described in the Magistrate's R&R, and the same will not be repeated except to the extent necessary to address Plaintiff's objections.

Plaintiff's claims arise out of a denial of widow benefits under the Railroad Retirement Act. Defendants are the RRB, the Attorney General of the United States, and the United States Attorney for the Southern District of Ohio.[1]

The Magistrate Judge concluded that this Court does not have subject matter jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust her remedies before the RRB and any appeal would be in a federal court of appeals, not a district court. Because this Court lacks jurisdiction, the Magistrate Judge recommends denying Plaintiff's Motion to Transfer (Doc. 15) and Motion to Dismiss (Doc. 17) as moot. The Magistrate Judge also recommends denying Plaintiff's Motion for Default Judgment. (Doc. 8).

## II. ANALYSIS

### A. Standard of Review

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

---

[1] The RRB maintains that it is the only proper party in this case. Plaintiff has not challenged the R&R on this point.

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Motion for Summary Judgment

The Magistrate Judge considered matters outside the pleadings and therefore converted the motion to dismiss into a motion for summary judgment. Plaintiff has not objected on this basis.

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### C. Subject matter jurisdiction

Under 45 U.S.C. § 355(f), final decisions of the RRB may be reviewed in the courts of appeals "only after all administrative remedies within the Board will have been availed of and exhausted...." Because Plaintiff has not exhausted her administrative remedies, the Magistrate Judge concluded that this Court lacks subject matter jurisdiction.

Plaintiff does not directly address this issue, and instead focuses her arguments on the merits of her claim. Plaintiff also maintains that instead of dismissal, this matter should be transferred to the United States Court of Federal Claims. However, as the

Magistrate Judge noted, transfer of this matter would be futile because Plaintiff has not exhausted her administrative remedies.

### D. Service of Pleadings

Plaintiff makes a general objection regarding the lack of service of Defendant's Motion to Dismiss (Doc. 6) when it was first filed and Defendant's Reply to its Motion to Dismiss (Doc. 11).

Defendant explains that when it first filed its Motion to Dismiss, it was not served on Plaintiff because Plaintiff is not registered on this Court's electronic filing system. Defendant explains that after receiving Plaintiff's Motion for Default, counsel for Defendant realized that Plaintiff had inadvertently not been served with a copy of the Motion to Dismiss by regular U.S. Mail. Counsel then filed an Amended Certificate of Service and served a copy of Defendant's Motion to Dismiss on Plaintiff by regular U.S. Mail. (Doc. 7). After Plaintiff claimed she did not receive that copy, counsel sent yet another copy. (Doc. 10, PAGEID #: 72). The Court finds Defendant has sufficiently demonstrated that, subsequent to the electronic filing of its Motion to Dismiss, it took steps to ensure that its Motion to Dismiss was properly served on Plaintiff by regular U.S. Mail.

The certificate of service attached to Defendant's Reply shows that it was mailed to Plaintiff. (Doc. 11, PAGEID #: 81). It appears that Plaintiff did receive this document, but objects on the basis that it is a duplicate of Doc. 10. However, because Defendant's pleading is a combined Response in Opposition to Plaintiff's Motion for Entry of Default Judgment and Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment, it is proper for it to appear twice on the docket.

### III. **CONCLUSION**

Based on the foregoing, the Magistrate Judge's June 6, 2016 R&R (Doc. 19) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. 6) is GRANTED;

2. Plaintiff's Motion for Default Judgment (Doc. 8) is DENIED as MOOT;

3. Plaintiff's Motion to Transfer (Doc. 15) is DENIED and MOOT;

4. Plaintiff's Motion to Dismiss (Doc. 17) is DENIED as MOOT;

5. Plaintiff's "Motion to Vacate the R&R in its Entirety as Doc #:19 on 06/06/16, Pages 1-10 and 'In the "Interest of Justice' that this Cause of Action be Transferred to the United States Court of Federal Claims'" (Doc. 20) is DENIED; and

6. This matter shall be CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT